**[J-40-2015][M.O. – Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| DAVID M. SOCKO, | : | No. 142 MAP 2014 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court at No. 1223 MDA 2013, dated |
| | : | 5/13/14, reconsideration denied 7/8/14 |
| v. | : | affirming the Order of the Court of |
| | : | Common Pleas of York County dated |
| | : | 10/15/12 at No. 2012-SU-001608-44 |
| MID-ATLANTIC SYSTEMS OF CPA, INC., | : | |
| | : | |
| Appellant | : | ARGUED: May 6, 2015 |

**CONCURRING OPINION**

**MR. CHIEF JUSTICE SAYLOR**                    **DECIDED: November 18, 2015**

I join the majority opinion, subject to the reservation that I have difficulty with the oft-repeated phrase that a seal operates "to import consideration." Majority Opinion, *slip op*. at 7. Notably, in the first instance, the common law seal predated by centuries the modern requirement of consideration. *See* 4 WILLISTON ON CONTRACTS §8:2 (4th ed. 2015). Although at some point in the development of the pertinent legal landscape, the phrase "import[] consideration" appears to have meant simply that signers undertook their obligations intentionally, as the term "consideration" evolved in its modern sense courts began to suggest that the seal itself "import[ed]," or stood as a presumption of, consideration. *See id*. However, "[i]t would have been more correct to have said that no consideration was needed for such a document." *Id*.

I realize that our Court has contributed to the imprecision. *See, e.g. Morgan's Home Equip. Corp. v. Martucci*, 390 Pa. 618, 629, 136 A.2d 838, 845 n.12 (1957). Nevertheless, I believe that it would benefit the jurisprudence to clarify the effect of a statement of intention to be bound, per the Uniform Written Obligations Act in its general application, as dispensing with the requirement for consideration rather than supplying it.